IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

CHAD MOREHEAD                                                                                                  PLAINTIFF

VS.                                                            CIVIL ACTION NO. 3:19-cv-225-DPJ-FKB

ERIKA L. NIXON, INDIVIDUALLY
AND AS AN EMPLOYEE AND
AGENT OF GREYHOUND LINES,
INCOPORATED; GREYHOUND
LINES, INCORPORATED; AND
JOHN DOES #1-10                                                                                               DEFENDANTS

## NOTICE OF REMOVAL

TO:   THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT
      FOR THE SOUTHERN DISTRICT OF MISSISSIPPI, NORTHERN DIVISION

Hon. Zack Wallace
Post Office Box 327
Jackson, MS 39205

HINDS COUNTY CIRCUIT CLERK

Rocky Wilkins, Esq.
Will Graves, Esq.
Morgan and Morgan, PLLC
4450 Old Canton Road, Suite 200
Jackson, MS 39211

ATTORNEYS FOR PLAINTIFF

PLEASE TAKE NOTICE that Defendant Greyhound Lines, Incorporated ("Removing Defendant"), subject to all of its defenses, hereby remove this case pursuant to 28 U.S.C. §§ 1332, 1441, and 1446 from the Circuit Court of Hinds County, Mississippi, First Judicial District, to the United States District Court for the Southern District of Mississippi, Northern Division. As grounds for this removal, Removing Defendant states as follows:

1.  This action was commenced on or about January 7, 2019, by the filing of a Complaint in the Circuit Court of Hinds County, Mississippi, First Judicial District, captioned *Chad Morehead v. Erika L. Nixon, Individually and as an Employee and Agent of Greyhound Lines, Incorporated; Greyhound Lines, Incorporated; and John Does #1-10*, Civil Action No. 19-18 (the "State Court Action"). Removing Defendant has not yet been served in the State Court Action; however, Removing Defendant attaches hereto as Exhibit "A" all pleadings and other filings in the State Court Action to date as obtained from the Hinds County Circuit Court.

2.  Pursuant to 28 U.S.C. § 1441(b)(2), commonly referred to as the "forum defendant rule," a defendant may remove an action based upon diversity jurisdiction unless "any of the parties in interest *properly joined and served* as defendants is a citizen of the State in which such action is brought." (emphasis added). Therefore, at the time of removal, as long as no forum defendant has been "properly joined and served," a defendant may remove. *Ott v. Consolidated Freightways Corp. of Delaware*, 213 F. Supp. 2d 662 (S.D. Miss. 2002) ("[C]ourts have held, virtually uniformly, that . . . an unserved resident defendant may be ignored in determining removability under 28 U.S.C. § 1441(b)."); *Leech v. 3M Co.*, 278 F. Supp. 933, 942 (E.D. La. 2017) ("The Fifth Circuit's holding in *Humphries [v. Elliott Co.*, 760 F.3d 414, 417 (5th Cir. 2014)] further supports the conclusion that service is required before a forum defendant is considered for forum defendant rules purposes."); *Holmes v. Lafayette*, No. 4:11CV021-B-S, 2013 WL 654449 (N.D. Miss. Feb. 21, 2013).

3. Removal is proper pursuant to 28 U.S.C. § 1441(b)(2) because Plaintiff failed to serve Defendant and Erika L. Nixon prior to Removing Defendant's filing of this Notice of Removal.

4. Because Defendant Erika L. Nixon has not yet been served at the time of the filing of this Notice of Removal, her consent to removal is not required. *See Jones v. Watts*, No. 5:10-CV-189, 2011 WL 2160915, at *5 (S.D. Miss. June 1, 2011) (citation omitted) ("Consent to removal is not required from . . . defendants who have not been served by the time of the removal."); *Leech*, 278 F. Supp. 3d at 941 ("[T]he plain language of the rule of unanimity requires that only those defendants who have been served must join in or consent to removal.").

5. Removal is timely pursuant to 28 U.S.C. § 1446(b) because Removing Defendant filed this Notice of Removal prior to being served and thus within 30 days after receipt by Removing Defendant of a copy of the initial pleading. Under Mississippi law, a civil action is commenced upon the filing of a complaint. Miss. R. Civ. P. 3(a). Accordingly, service of process upon Removing Defendant is not a prerequisite to removal. *See Delgado v. Shell Oil Co.*, 231 F.3d 165, 177 (5th Cir. 2000) (holding that 28 U.S.C. § 1446(b) requires "that an action be commenced against a defendant before removal, but not that the defendant have been served.")' *Pittman v. Joe K. Pittman Co., LLC*, No. 2:15-cv-114-KS-MTP, 2015 WL 6674875, at *2 (S.D. Miss. Nov. 2, 2015) (Defendants were not required to wait until Plaintiff served them with process to remove the case.").

6. This Action is one of a civil nature, wherein the United States District Court for the Southern District of Mississippi, Northern Division, has jurisdiction pursuant to 28 U.S.C. § 1332.

7. Venue is proper in the District Court for the Southern District of Mississippi, Northern Division, because the Circuit Court of Hinds County, Mississippi, First Judicial District, where this suit was originally filed, is within said District and Division.  28 U.S.C. §§ 104(b)(1), 1441(a), 1446(a).

8. The allegations in Plaintiff's Complaint are centered upon an accident, which occurred in Hinds County, Mississippi.  According to the Complaint, Chad Morehead "suffered past, present and future pain and suffering, past, present, and future medical expenses, and past, present, and future emotional and mental anguish" as a result of the aforementioned accident. (Compl. at ¶ 8).

9. Pursuant to 28 U.S.C. § 1446(d), all adverse parties are being provided with written notice of removal, and a copy of this notice of removal is being filed with the Clerk of the Circuit Court of Hinds County, Mississippi.

## Diversity Jurisdiction

10. According to Plaintiff's Complaint, Plaintiff Chad Morehead is a citizen of the State of Georgia (*Id.* at ¶ 1) and is not a citizen of the State of Mississippi for diversity jurisdiction purposes.

11. Removing Defendant Greyhound Lines, Incorporated is a Corporation organized under the laws of Delaware, with its principal place of business in Texas. Therefore, Removing Defendant Greyhound Lines, Incorporated is not a citizen of the State of Mississippi for diversity jurisdiction purposes

12. Defendant Erika L. Nixon is an adult resident citizen of the State of Mississippi.

13. As set forth in the Complaint, "John Does 1-10" are unknown to Plaintiff, and thus, Plaintiff is suing these unknown defendants under "fictitious names." (*Id.* at first ¶ 4). John Doe defendants are fictitious parties whose presence must be disregarded in determining diversity under 28 U.S.C. § 1441(a). *Allen v. Tyson Foods, Inc.*, 153 F. Supp. 2d 886, 888 (S.D. Miss. 2001) (holding that the citizenship of fictitious party defendants is immaterial for purposes of diversity jurisdiction.).

14. Thus, the controversy in said suit is now and at the time of the commencement was, and at all times has been, a controversy between citizens of different states. There is, therefore, complete diversity of citizenship between Plaintiff and Defendants.

15. The Supreme Court has held that "a defendant's notice of removal need only include a plausible allegation that the amount in controversy exceeds the jurisdictional threshold. Evidence establishing the amount is required by § 1446(c)(2)(B) only when the plaintiff contests, or the court questions, the defendant's allegation." *Dart Cherokee Basin Operating Co. v. Owens*, 135 S. Ct. 547, 554 (2014). In the Fifth Circuit, when pleadings do not demand a specific amount, the defendant must prove by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional threshold. *See Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 882-83 (5th Cir. 2000).[1] The defendant may either show the court that it is facially apparent

---

[1] The preponderance of the evidence standard was adopted in the Federal Courts Jurisdiction and Venue Clarification Act of 2011 (the "Act"), Pub. L. No. 112-63, 125 Stat. 758. According to the House Report accompanying the bill, "circuits have adopted differing standards governing the burden of showing that the amount in controversy is satisfied. The 'sum claimed' and 'legal certainty' standards that govern the

from the Complaint that the amount in controversy exceeds the jurisdictional minimum, or, if not facially apparent, set forth facts supporting the requisite finding. *See Archie v. John St. John & Schneider Nat'l Bulk Carriers, Inc.*, Civ. A No. 1:12CV141-LG-JMR, 2012 U.S. Dist. LEXIS 99478, *4 (S.D. Miss. July 18, 2012) (citing *Garcia v. Koch Oil Co. of Tex.*, 351 F.3d 639, 639 (5th Cir. 2003)).[2]

16.     This district court may use its common sense and compare the claims and alleged damages made here with similar ones made in other actions to determine whether the amount in controversy is met. *In re 1994 Exxon Chem. Fire*, 558 F.3d 378, 388 (5th Cir. 2009) (finding amount in controversy exceeded when plaintiff pleaded less than $50,000 in damages by considering "individual and familial suffering; injuries to physical and mental health, including, but not limited to, emotional distress and mental anguish from the knowledge of exposure to a hazardous substance").

17.     Though Plaintiff does not quantify the amount of damages sought in his Complaint, Plaintiff claims that he "suffered past, present, and future pain and suffering, past, present, and future medical expenses, and past, present, and future pain and suffering, past, present, and future medical expenses, and past, present, and future emotional distress and mental anguish" resulting from a motor vehicle accident on

---

amount in controversy requirement when a plaintiff originally files in Federal court have not translated well into removal, where the plaintiff often may not have been permitted to assert in state court a sum claimed, or if asserted, may not be bound by it." H.R. Rep. No. 112-10, at 15 (2011). Accordingly, the "defendants do not need to prove to a legal certainty that the amount in controversy requirement has been met. Rather, defendants may simply allege or assert that the jurisdictional threshold has been met." *Id.* at 16; *see also Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 553-54 (2014) (explaining the Act); *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 754 (11th Cir. 2010) ("A removing defendant is not required to prove the amount in controversy beyond all doubt or to banish all uncertainty about it.").

[2] In the event a defendant's amount-in-controversy allegation is questioned, the court must provide the parties with an opportunity to submit evidence and then decide whether the preponderance of that evidence shows that the amount in controversy is met. *Dart Cherokee*, 135 S. Ct. at 553.

January 2, 2019, in Hinds County, Mississippi. (*Id.* at ¶ 8).  Plaintiff seeks compensation for the following damages:

- Past, present, and future medical bills;
- Past, present, and future physical pain and suffering;
- Past, present and future mental and emotional distress;
- Attorney's fees;
- Pre-Judgment interest;
- Post-Judgment interest;
- Loss of enjoyment of life;
- Punitive damages; and
- All other damages allowed under Mississippi Law

(*Id.* at ¶ 9).

18. Plaintiff also claims that he is entitled to punitive damages as a result of Removing Defendant's conduct. (*Id.* at p. 5).  Where a complaint, as here, seeks an unspecified amount in punitive damages, the claims for punitive damages are included in calculating the amount in controversy for purposes of determining if the jurisdictional amount is satisfied.  See *St. Paul Reinsurance Co., Ltd. v. Greenberg,* 134 F.3d 1250, 1253 (5th Cir. 1998); *Thomas v. NBC Universal, Inc.*, 694 F. Supp. 564, 567 (S.D. Miss. 2010). The Fifth Circuit and the federal district courts of Mississippi have recognized that punitive damages awards in Mississippi routinely exceed the jurisdictional threshold.  See *Allen v. R&H Oil & Gas Co.*, 63 F.3d 1326, 1336 (5th Cir. 1995) (holding that "common sense" dictated a finding that plaintiffs would likely collect more than jurisdictional minimum if successful in collecting punitive damages); *Arnold v. State*

*Farm Fire & Cas., Co.*, 277 F.3d 772, 775 n.3 (5th Cir. 2001); *Conner v. First Family Fin. Servs., Inc.*, 2002 U.S. Dist. LEXIS 22878, *28 (N.D. Miss. Aug. 28, 2002); *Henley v. Pioneer Credit Co.*, 2002 U.S. Dist. LEXIS 25592, *11 (N.D. Miss. April 11, 2002); *see also Montgomery v. First Family Fin. Serv., Inc.*, 239 F. Supp. 2d 600, 605 (S.D. Miss. 2002). Accordingly, "federal courts in Mississippi have consistently held that a claim for an unspecified amount of punitive damages under Mississippi law is deemed to exceed the amount necessary for federal jurisdiction." *Henley*, 2002 U.S. Dist. LEXIS 25592 at *11(opinion denying multi-plaintiffs' motion to remand based on allegations of complaint alleging, among other things, counts of misrepresentation and negligence against defendant and unspecified claims for punitive damages) (citing *St. Paul Reinsurance Co., Ltd.,* 134 F.3d at 1255; *Marcel v. Pool Co.*, 5 F.3d 81, 84–85 (5th Cir. 1993); *Myers v. Guardian Life Ins. Co. of America, Inc.,* 5 F. Supp. 2d 423, 428-29 (N.D. Miss. 1998); *Sun Life Assur. Co. of Canada (U.S.) v. Fairely*, 485 F. Supp. 2d 731, 735 (S.D. Miss. 2007); *Allstate Ins. Co. v. Hilbun,* 692 F. Supp. 698, 701 (S.D. Miss. 1988)).

19. Nothing in this Notice of Removal shall be interpreted as a waiver or relinquishment of any of Removing Defendant's rights to assert any defense or affirmative matter, including, but not limited to, the defenses of: (1) lack of jurisdiction over the person; (2) improper venue; (3) insufficiency of process; (4) insufficiency of service of process; (5) improper joinder of claims and/or parties; (6) failure to state a claim upon which relief can be granted; (7) failure to join an indispensable party(ies); (8) statute of limitations as a bar; (9) untimely service; or (10) any other pertinent defense available under Mississippi or Federal Rules of Civil Procedure 12, any state or federal statute, or otherwise.

20.     No previous application has been made for the relief requested herein.

WHEREFORE, Removing Defendant respectfully removes this action from the Circuit Court of Hinds County, Mississippi, First Judicial District, to the United States District Court for the Southern District of Mississippi, Northern Division pursuant to 28 U.S.C. §§ 1332, 1441, and 1446.

Respectfully submitted, this the 2nd day of April, 2019.

                            GREYHOUND LINES, INCORPORATED

                            By: s/ Clay Gunn
                                  CLAY GUNN, MB No. 102920
                                  MARGARET Z. SMITH, MB No. 104178

                            ITS ATTORNEYS

OF COUNSEL:

BUTLER SNOW LLP
1020 Highland Colony Parkway, Suite 1400
Ridgeland, MS 39157
Post Office Box 6010
Ridgeland, MS 39158
Tel:  601-985-4491 (CG)
Tel:  601-985-4405 (MZS)
Fax:  601-985-4500
clay.gunn@butlersnow.com
margaret.smith@butlersnow.com

## **CERTIFICATE OF SERVICE**

I, Clay Gunn, one of the attorneys for Removing Defendant, electronically filed the foregoing Notice of Removal with the Clerk of the Court using the Court's ECF system, which sent notification of such filing to the following counsel of record:

Rocky Wilkins, Esq.
Will Graves, Esq.
Morgan and Morgan, PLLC
4450 Old Canton Road, Suite 200
Jackson, MS 39211

ATTORNEYS FOR PLAINTIFF

And by U. S. Mail, postage prepaid to:

Hon. Zack Wallace
Post Office Box 327
Jackson, MS 39205

HINDS COUNTY CIRCUIT CLERK

This the 2nd day of April, 2019.

                                                         s/ Clay Gunn
                                                         CLAY GUNN