UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

CHAD MOREHEAD, ET AL.                                                                                          PLAINTIFFS

                                  LEAD CASE CIVIL ACTION NO. 3:19-CV-225-DPJ-FKB
                        MEMBER CASE CIVIL ACTION NO. 3:19-CV-226-DPJ-FKB
                        MEMBER CASE CIVIL ACTION NO. 3:19-CV-228-DPJ-FKB
V.                     MEMBER CASE CIVIL ACTION NO. 3:19-CV-229-DPJ-FKB
                        MEMBER CASE CIVIL ACTION NO. 3:19-CV-346-DPJ-FKB
                        MEMBER CASE CIVIL ACTION NO. 3:19-CV-347-DPJ-FKB

ERIKA L. NIXON, individually
and as an Employee and Agent
of Greyhound Lines,                                                                                             DEFENDANTS
Incorporated, and
GREYHOUND LINES,
INCORPORATED

## ORDER

These consolidated personal-injury cases arise from a bus wreck. Defendants Erika Nixon and Greyhound Lines, Incorporated, removed the cases from state court, and Plaintiffs Chad Morehead, Joshua Reagan, Arnold Okechukwu, Stephen Deliefde, Jovany Avila-Bravo, and Rocio Sandoval-Canales now seek remand. For the following reasons, Plaintiffs' motions to remand [31, 33, 35, 37, and 39] are denied.

I.     Background

In early January 2019, a bus driven by Defendant Nixon and owned by Defendant Greyhound overturned while attempting to enter Interstate Highway 55 in Jackson, Mississippi. Numerous passengers were injured, some severely. *See* Deliefde Compl. (3:19-CV-226) [1-1] ¶ 6; Elias Compl. (3:19-CV-228) [1-1] ¶ 9; Reagan Compl. (3:19-CV-346) [1-1] ¶ 6; Avila-Bravo Compl. (3:19-CV-347) [1-1] ¶ 7.

The crash sparked at least seven actions against Defendants Nixon and Greyhound. Six of those cases reached this Court in April and May 2019, when Defendants filed notices of

removal. *See* Morehead Notice of Removal (3:19-CV-225) [1]; Deliefde Notice of Removal (3:19-CV-226) [1]; Elias Notice of Removal (3:19-CV-228) [1]; Okechukwu Notice of Removal (3:19-CV-229) [1]; Reagan Notice of Removal (3:19-CV-346) [1]; Avila-Bravo Notice of Removal (3:19-CV-347) [1]. The seventh arrived in June 2019, also through removal. *See* Cannon Removal (3:19-CV-391) [1].

The Court consolidated all cases on June 20, 2019; the Elias case later settled; and the Court remanded Cannon's case. That left five Plaintiffs, all of whom filed motions to remand on August 16, 2019. The issues have been fully briefed, including supplemental briefs filed in response to the Court's questions regarding abstention.

II.     Standard

"A defendant may remove a case from state court to federal district court if the federal court could exercise original jurisdiction over the matter." *Crosby v. CitiMortgage, Inc.*, No. 3:13CV670TSL-JMR, 2014 WL 12638846, at *1 (S.D. Miss. Jan. 16, 2014) (quoting *Beck v. Bank of N.Y. Mellon*, No. 3:12-CV-4784-M-BF, 2013 WL 5305873, at *2–3 (N.D. Tex. Sept. 19, 2013)). The statutory basis for removal is found in 28 U.S.C. § 1441(a), which provides:

> Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

"The removing party bears the burden of establishing federal jurisdiction." *Beichler v. Citigroup, Inc.*, 241 F. Supp. 2d 696, 699 (S.D. Miss. 2003) (quoting *Laughlin v. Prudential Ins., Co.*, 882 F.2d 187, 190 (5th Cir. 1989)).

III.     Analysis

Defendants removed these cases based on diversity jurisdiction, the requirements for which have been met. *See* 28 U.S.C. § 1332(a). Nevertheless, Plaintiffs say the Court should issue remand orders for three reasons: (1) removal violated the forum-defendant rule because Defendant Nixon is a citizen of Mississippi; (2) Defendants evaded removal requirements by filing snap removals before all defendants were served; and (3) the Court has the equitable authority to order remand based on abstention. Defendants disagree, arguing that Plaintiffs waived the procedural objections to removal and that abstention does not apply.

A.     Procedural Defects

The initial question is whether Plaintiffs' forum-defendant-rule and snap-removal arguments address procedural defects. If so, they had "30 days after the filing of the notice of removal" to assert those issues. 28 U.S.C. § 1447(c); *see also Steilberg v. Bradley*, No. 1:15-CV-269-LG-RHW, 2016 WL 1455454, at *1 (S.D. Miss. Apr. 12, 2016) (noting that "a party that wishes to contest removal on [a procedural] basis has thirty days to do so").

Both issues are procedural. Starting with the forum-defendant rule, "[i]t is well-settled in this circuit that the forum-defendant rule [is] . . . a procedural limitation that prevents removal of an action that would otherwise be removable on the basis of diversity jurisdiction." *McGee v. Willbros Constr., US, LLC*, 825 F. Supp. 2d 771, 775 (S.D. Miss. 2011) (citing *In re 1994 Exxon Chemical Fire*, 558 F.3d 378, 396 (5th Cir. 2009)). The same is true of the snap-removal argument, which does not contest any of the requirements for subject-matter jurisdiction. *See Gross v. Old Republic Ins. Co.*, No. 2:17-CV-65, 2017 WL 6460054, at *2 (W.D. La. Dec. 18, 2017).

3

Plaintiffs waited more than 30 days to assert these procedural arguments and therefore waived them. 28 U.S.C. § 1447(c). Their arguments to the contrary are not persuasive.[1]

B. Abstention

Plaintiffs also urge the Court to remand or dismiss this case based on abstention. Reagan Mem. [32] at 10; Avila-Bravo Mem. [36] at 10; Deliefde Mem. [38] at 10; *see also* Morehead Mem. [40] at 8. They rely on *Quackenbush v. Allstate Insurance Co.*, where the Supreme Court recognized that "federal courts have the power to dismiss or remand cases based on abstention principles *only where the relief being sought is equitable or otherwise discretionary*." 517 U.S 706, 731 (1996) (emphasis added).

This case is different because Plaintiffs seek monetary damages rather than equitable or discretionary relief. Yet neither side examined this distinction in their initial briefs, prompting the Court to order additional briefing on "whether dismissal or remand would be appropriate" given the prayer for damages. Order [54]. All parties responded, but Plaintiffs conspicuously ignored the Court's question. They also failed to acknowledge what *Quackenbush* itself says about this issue and how the Fifth Circuit has interpreted it.

In *Quackenbush*, the district court remanded the case on abstention grounds. 517 U.S. at 731. After the Ninth Circuit reversed, the Supreme Court affirmed because, though abstention-

---

[1] Only one Plaintiff, Chad Morehead, filed a rebuttal addressing the waiver issue. Morehead first says "the Plaintiff may attack joinder any time before final judgment is re[]ndered." Pl.'s Reply [50] at 1. That is true, as the case he cites states, but only when the joinder issue affects subject-matter jurisdiction. *See Mims v. Renal Care Grp., Inc.*, 399 F. Supp. 2d 740, 742 (S.D. Miss. 2005) (addressing improper joinder). Here, Plaintiffs raise procedural arguments that must be asserted within 30 days. 28 U.S.C. § 1447(c). Morehead then observes that the Court entered a text-only order on July 18, 2019, giving Plaintiffs until August 16, 2019, to file jurisdictional motions. Pl.'s Reply [50] at 1. But that order—issued after the 30-day time to raise procedural defects expired—does not trump the plain text of § 1447(c).

based remand was appropriate in cases seeking "equitable or otherwise dictionary relief," the plaintiffs sought damages. 517 U.S at 731.

The Fifth Circuit considered that result in *Webb v. BC Rogers Poultry, Inc.*, where the district court remanded a damages suit under *Quackenbush*. 174 F.3d 697 (5th Cir. 1999). The Fifth Circuit explained *Quackenbush* as follows:

> In *Quackenbush*, the Court determined that an action seeking damages *never warrants abstention*. The Court examined the foundation and history of abstention doctrines, and *Burford* abstention in particular, finding that the power to abstain originated in "the discretion federal courts have traditionally exercised in deciding whether to provide equitable or discretionary relief." *Quackenbush*, 517 U.S. at 730, 116 S. Ct. 1712. The Court disagreed with the Ninth Circuit's limitation of abstention to equitable cases, instead extending the doctrine "to all cases in which a federal court is asked to provide some form of discretionary relief." *Id. A damages action, however, allows the court no discretion and may not be remanded. Id.* at 731, 116 S. Ct. 1712.

174 F.3d at 701 (emphasis added) (footnote omitted). Because the plaintiff in *Webb* sought damages, the Fifth Circuit held that the district court abused its discretion by granting a *Quackenbush* remand. *Id.* at 705.

Plaintiffs likewise seek damages, and they have not attempted to explain why this Court has discretion to grant the relief they seek. Their abstention-based arguments for remand are not well taken.[2]

---

[2] As *Webb* notes, *Quackenbush* considered this issue primarily under the *Burford* abstention doctrine whereas Plaintiffs seek remand or dismissal under *Colorado River*. *Compare Burford v. Sun Oil Co.*, 319 U.S. 315 (1943), *with Colo. River Conservation Dist. v. United States*, 424 U.S. 800 (1976). This distinction matters not because it is the nature of equity that allows remand in the abstention context; this Court is not sitting in equity. *See Webb*, 174 F.3d at 701; *see also Carter v. H2R Rest. Holdings, LLC*, No. 3:16-CV-1554-N-BN, 2016 WL 5373487, at *4 (N.D. Tex. Sept. 2, 2016) ("Because the present action is a suit for damages, dismissal is inappropriate on *Colorado River* abstention grounds."); *Bollinger Shipyards, Inc. v. Chartis Specialty Ins. Co.*, No. 12-1013, 2013 WL 395475, at *5 (E.D. La. Jan. 31, 2013) (declining remand because the "action [did] not request equitable relief, but rather request[ed] damages").

5

IV.     Conclusion

The Court has considered all arguments. Those not addressed would not change the outcome. For the reasons stated, Plaintiffs' motions to remand [31, 33, 35, 37, and 39] are denied. The parties are instructed to contact the magistrate judge's chambers to schedule a case-management conference and resolve the discovery stay.

**SO ORDERED AND ADJUDGED** this the 11th day of December, 2019.

s/ *Daniel P. Jordan III*
CHIEF UNITED STATES DISTRICT JUDGE